McGILL v. GARGOULA.

(Supreme Court, Appellate Term. March 14, 1907.)

1. EVIDENCE—WEIGHT AND SUFFICIENCY—UNCONTROVERTED EVIDENCE.

In an action where defendant offered no testimony, the testimony given on the part of plaintiff must be taken as true, and any reasonable inference that can be drawn therefrom in his favor must be drawn.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2431.]

2. BROKERS—COMPENSATION—PERFORMANCE OF CONTRACT.

In an action by a real estate broker for commission, it was shown that defendant agreed to pay plaintiff a commission if he would find a party willing to purchase his house at a stipulated price. Plaintiff produced a

purchaser able and willing to take the property at the stipulated price, but defendant refused to sell, except at an advanced price. *Held*, that plaintiff was entitled to his commission.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 94–96.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph R. McGill against Michael Gargoula. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Adolphus D. Pape, for appellant.

Wentworth, Lowenstein & Stern (Edwin F. Stern, of counsel), for respondent.

HENDRICK, J. Plaintiff brought this action, claiming to recover a commission earned in procuring a purchaser for defendant's real estate. The defendant offered no testimony, and judgment was rendered in his favor. In such a case the testimony given on the part of the plaintiff must be taken as true, and any reasonable inference that can be drawn therefrom in his favor must be drawn.

The testimony of the plaintiff is that the defendant, having a house for sale, fixed the price at $28,000, gave the particulars as to two mortgages then outstanding against the property, said that he wanted the difference between the purchase price and the amount of the mortgages in cash, and promised to pay the plaintiff $280 if he found a purchaser. One Stock testified that he, acting for the plaintiff, brought to defendant a Mrs. Thorne, and defendant offered her the property at the price aforesaid. Mrs. Thorne informed the defendant that she would buy the property at $28,000, and defendant said she could have it, and asked her to come to see him again on the following Monday, when defendant's wife would be at home. On Monday Stock met the defendant, who referred him to his wife. Stock and Mrs. Thorne then saw defendant's wife, who said the price of the house had been increased to $29,000, and could not be bought for less. Mrs. Thorne also testified as above regarding the meeting with defendant, and also that she was ready, able and willing to purchase the property at $28,000, and to pay in cash the difference between the mortgages and the purchase price, giving the several banks in which she had money in an amount sufficient to consummate the purchase. Under this state of facts we think the plaintiff showed a cause of action, and a new trial should be had.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.